IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Angela D. Gosnell, | ) | |
| | ) | Civil Action No. 9:15-4271-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Angela D. Gosnell ("Gosnell"), brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Supplemental Security Income ("SSI") benefits under the Social Security Act ("SSA").[1] In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that this court affirm the Commissioner's decision. (ECF No. 19). Gosnell timely filed objections (ECF No. 21), and the Commissioner filed response (ECF No. 23).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court

---

[1] Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration on January 27, 2017. Pursuant to Fed.R.Civ.P.25(d), Berryhill should be substituted for Carolyn W. Colvin as the defendant in this action.

may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

## I.  Background

Gosnell filed an application for SSI on June 4, 2013, alleging that she became unable to work on May 16, 2013, due to effects of injuries sustained to her nervous system and an organic mental disorder.  Her application was denied initially and on reconsideration by the Social Security Administration.  She requested a review by an administrative law judge ("ALJ"), and an ALJ conducted a hearing on December 17, 2014.

On March 5, 2015, the ALJ issued a decision, finding that Gosnell was not disabled as defined in the SSA. The ALJ found that Gosnell suffered from the severe impairments of traumatic brain injury ("TBI") with left sided hemiparesis, associated cognitive disorder, and substance abuse, rendering her unable to perform any of her purported past relevant work as a mechanic's helper, garment inspector, and folder.  The ALJ went on to find that Gosnell's impairments did not meet or medically equal the criteria for any of the listed impairments. Accordingly, the ALJ proceeded to assess Gosnell's residual functional capacity ("RFC"), finding that Gosnell could perform a restricted range of light work with these conditions.  The ALJ stated that Gosnell has no past relevant work.  After obtaining testimony from a vocational expert, the ALJ concluded that Gosnell could perform other jobs in existence in the national economy in significant numbers and, therefore, denied her claim.

Gosnell sought review by the Appeals Council.  On August 20, 2015, the Appeals Council denied Gosnell's request for review. Gosnell then filed this action for judicial review. The magistrate judge filed her Report on October 25, 2016.  (ECF No. 19).  On November 4, 2016, Gosnell filed objections to the Report (ECF No. 21), and on November 21, 2016, the

Commissioner filed a reply to those objections (ECF No. 23). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

## III. Analysis

Gosnell raises two objections. First, she contends that the magistrate judge erred by finding the ALJ properly assessed Gosnell's RFC. Gosnell contends the ALJ failed to provide an adequate discussion of her RFC and failed to perform the requisite function-by-function

3

assessment. The magistrate judge determined that the ALJ included a detailed discussion of Gosnell's RFC and the medical evidence, and noted that the ALJ's discussion covered eighteen pages. (Report at 16, 18-19). In her objections, Gosnell cites to *Littlejohn v. Colvin*, C/A No. 1:14-2953-RMG, 2015 WL 1931426, at *19 (D.S.C. Apr. 28, 2015), in support of her argument that a lengthy discussion with considerable detail does not mean the ALJ performed the proper analysis, and she contends that the court has previously admonished the same ALJ for such lengthy discussions. The court agrees that a lengthy discussion does not mean an ALJ has adequately performed his duties. However, a lengthy discussion also does not mean the ALJ has committed error as implied by Gosnell. Moreover, in *Littlejohn*, the court merely disagreed with the ALJ and did not admonish the ALJ for a detailed and lengthy decision. *See Littlejohn*, 2015 WL 1931426, * 9 (noting that "[d]espite what appears to be a meticulous examination of the factors set forth in 20 C.F.R. § 404.1527(c), the ALJ reached a conclusion regarding Dr. Machimada's opinion that was not supported by substantial evidence.").

In *Mascio*, the Fourth Circuit has clarified that there is no per se rule requiring a function-by-function analysis in every case. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (*quoting Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). The *Mascio* court recognized that such a requirement would be "'futile' in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* Nevertheless, the court in *Mascio* held that a "[r]emand may be appropriate. . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (*quoting Cichocki*, 729 F.3d at 177).

Gosnell contends that here the ALJ erred in regard to the standing and sitting limitations and should have found her capable of only sedentary work. Further, Gosnell argues that the ALJ

4

erred in failing to conduct an evaluation of her lifting limitations. Gosnell contends that the ALJ did not indicate the amount of weight that she could lift and carry. In her Report, the magistrate judge noted that the ALJ found Gosnell could perform light work which by definition means Gosnell could not lift more than twenty pounds with frequent lifting or carrying of up to ten pounds. (Report at 16). Moreover, the magistrate judge found that the evidence supports the ALJ's finding that Gosnell could stand and walk for two hours and sit for six hours and had the lifting and carrying ability for light work. (Report at16-18).

The ALJ's discussion of Gosnell's RFC was not inadequate or ambiguous as in *Mascio*. Here, the ALJ built a "logical bridge" between the conclusions regarding the RFC and the evidence. Accordingly, the court agrees with the magistrate judge's conclusion that there is substantial evidence in the record to support the ALJ's findings and conclusions.

In her second objection, Gosnell asserts that the magistrate judge erred by finding that the ALJ properly analyzed the opinion of treating physician, Dr. Amy Robbins Cantillion. Specifically, Gosnell contends that the ALJ improperly rejected the treating physician's work-preclusive limitations. The magistrate judge found that the ALJ took the deficits noted by Dr. Cantillion into account in Gosnell's RFC when he limited Gosnell's standing and walking with related postural limitations and limited her non-dominant left-hand and arm to helper status. (Report at 23-24). Gosnell contends that the ALJ rejected Dr. Cantillion's opinion and did not provide an adequate explanation for doing so. First, the ALJ did not reject Dr. Cantillion's opinion. The ALJ declined to give Dr. Cantillion's opinion controlling weight, and instead gave it limited weight. (R. 40). The ALJ found that Dr. Cantillion's opinions were not supported by her own treatment notes, and contradicted by other evidence in the record. *Id.* Moreover, some of the limitations in regard to standing and walking limitations were included in the RFC. The ALJ

evaluated and weighed the record evidence on this issue, and the court agrees with the finding of the magistrate judge that there is substantial evidence in the record to support the ALJ's findings and conclusions.

## IV. Conclusion

Having conducted the required de novo review of the issues to which Gosnell has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the magistrate judge in her Report, and the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 19), and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

February 23, 2017
Anderson, South Carolina

6